Julia Maraman HARNED, Appellant,

v.

Leo B. DAWSON, Executor of Will of Herman W. Maraman, et al., Appellees.

Court of Appeals of Kentucky,

Feb. 1, 1974.

Thomas B. Givhan, Givhan & Porter, Shepherdsville, for appellant.

T. C. Carroll, Shepherdsville, for appellees.

MILLIKEN, Justice.

This is an appeal from a judgment sustaining an executor's decision not to pay a negotiable promissory note which the testator had given the testator's sister. The Uniform Commercial Code is involved.

Herman Maraman died testate in July 1968, leaving all of his property after the payment of his debts to Billy Phillip Figg, a minor, and appointing Leo B. Dawson executor. When the testator's sister, Julia Maraman Harned, presented a claim based on a $10,500 negotiable note, dated in November 1961, due five years thereafter, and executed and delivered by Herman to Julia as payee, and secured by a mortgage on his real estate, the executor filed this action to determine whether he should pay the claim and pleaded failure of consideration as a defense. The guardian ad litem for Billy, the beneficiary under the will, adopted the defense of the executor and in addition interposed the Statute of Frauds as a defense. After expressing some doubt in his finding of facts, the trial court nevertheless held that there was no consideration for the note and that the claim based on it should not be paid, and Julia has appealed. One of the problems of the executor was the need to sell land to pay the note, the personal property of the testator being insufficient.

It is conceded that the note was executed by Herman and delivered to his sister, Julia. Julia did not negotiate the note nor ask its payment when it was due, nor did she record the mortgage security until after Herman's death and after he had sold some of the real estate covered by the mortgage. We do not consider the defense of the Statute of Frauds, which was interposed by the guardian ad litem for Billy, as applicable here because the factual circumstances on which the Statute of Frauds defense was based were all made inoperative when Herman executed and delivered the note and mortgage to Julia.

The consideration for the note recited by Julia Harned, who was the only witness to

it, was the money her brother owed her for her interest in the family farm amounting to $2,500; her share of the family household goods, $2,000; a refund due from her mother's funeral expenses, $200; and the rental value of ten (10) acres of land owned by Julia and used by Herman for a number of years.

■ The adequacy of consideration in fact is for the parties to the note to judge for themselves. 12 Am.Jur.2d, Bills & Notes, Sec. 217. A payee may be a holder in due course the same as any other holder so long as he takes the note from the obligor for value in good faith before it is due and without notice of any defense against it, according to the Uniform Commercial Code, KRS 355.3–302.* Presentment for payment at maturity is not essential between a payee and a maker (a primary party) so far as the contractual relations between them are concerned. 11 Am.Jur. 2d, Sec. 741. In the case at bar, the variable in the consideration for the note is the rental value of the land, the other terms testified to being much more specific in amounts.

■ In the absence of fraud, undue influence or the like, it must be assumed the maker of the note thought that $10,500 was a reasonable and adequate estimate of what he owed the payee at the time, and as a consequence, when the note was presented for collection a prima facie case was made out, and the burden of proving no consideration was upon the maker or one in his place, such as the executor administering his estate. See KRS 355.3–408; 12 Am. Jur.2d, Bills & Notes, Sec. 1187.

■ In other words, the adequacy of the consideration for the note was a matter for the maker to determine, the note itself importing that he thought the amount stated thereon covered his obligations to his sis-

ter, the payee. Antecedent obligations are consideration for a promissory note. KRS 355.3–408. The situation presented here is not a case of partial failure of consideration which would authorize a defense pro tanto. Therefore, the note should be paid by the executor if there are assets in the estate from which to do it.

The judgment is reversed.

OSBORNE, C. J., and JONES, MILLIKEN, PALMORE, REED and STEINFELD, JJ., sitting.

All concur.

---

\* This subsection of the Uniform Commercial Code amends the former Negotiable Instruments Act, KRS 356.052(4) so that a " \* \* \* payee may become a holder in due course to the same extent and under the same circumstances as any other holder. This is true whether he takes the instrument by purchase from a third person or directly from the obligor." Vol. 2, Uniform Laws Annotated, page 90.