**FEDERAL LAND BANK OF LOUISVILLE, Appellant,**

v.

**HARDIN–MAPES COAL CORPORATION, Appellee.**

**90–SC–419–DG.**

Supreme Court of Kentucky.

Sept. 26, 1991.

Rehearing Denied Nov. 21, 1991.

Robert R. Baker, Rankin & Baker, Stanford, for appellant.

J. Thomas Hardin, Inez, for appellee.

REYNOLDS, Justice.

The Court of Appeals reversed summary judgment entered for payee Federal Land Bank of Louisville (FLB) and held that the maker's signature on checks was a forgery and, therefore, a nullity.

Ronald Charles performed bookkeeping services for several businesses, including the appellee, Hardin–Mapes Coal Corporation. He stole two of its checks and forged the name of the corporation president to both and made FLB the payee. Each check was for the sum of $12,355.29 and was applied as partial payment to a farm loan owed by Charles to FLB. FLB deposited the checks and the drawee bank mistakenly honored the forged instruments.

Hardin–Mapes filed a lis pendens against the farm property and when Charles subsequently defaulted on the loan, FLB filed suit to foreclose and named him as a defendant and also named Hardin–Mapes by reason of the lis pendens. The coal company filed a counterclaim against the bank for its funds. The farm sold at a judicial sale and failed to bring a sum sufficient to satisfy the various claims.

FLB claims the right as a "holder in due course" and its entitlement to retain the proceeds of the checks as a credit on the Charles mortgage loan. The trial court agreed by entering summary judgment citing provisions of the UCC. It was agreed that the signature on the checks was not that of the company's owner, William Hardin. FLB maintains the trial court found the bank to be the named payee and determined it to be a "holder in due course," having taken the instrument for value; and in good faith; and without notice that it was overdue or had been dishonored or of any defense against or claim to it on the part of any person. KRS 355.3–302.

Cited as supportive that a holder in due course status is afforded to FLB is *Eldon's Super Fresh Stores, Inc. v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 296 Minn. 130, 207 N.W.2d 282 (1973), which we find factually dissimilar, as the maker genuinely executed the instrument and the payee received the check from the drawer's agent who, in turn, had received possession with the drawer's consent. The proceeds were applied upon the agent's antecedent debt. A similar "holder in due course" result was reached in the case of *Hartford Accident*

& *Indemnity Co. v. American Express Co.*, 74 N.Y.2d 153, 544 N.Y.S.2d 573, 542 N.E.2d 1090 (1989), where a corporate agent perpetrated a fraud on his employer by requisitioning corporate checks, and with slight alterations on them, utilized them to pay his own debts. It was held that the payee was a holder in due course and was without notice of a claim or defense.

To be a holder in due course is of paramount importance in commercial law and once a party has reached this status, the law provides a mantle of protection wherein most of a maker's legitimate defenses do not get through and he must pay up and settle his quarrel later and with someone else. Necessarily, there are high standards for admission to the rank/status of holder in due course and one of these is that the holder must have given "value." KRS 355.3–302(1)(a). FLB, upon the receipt of the checks, credited Charles's account, thus taking the instruments in partial payment of the forger's antecedent debt.

The UCC does not support the trial court's ruling inasmuch as the two checks drawn on Hardin–Mapes were forgeries. The Court of Appeals reasoned that forgeries are a nullity citing the pre-UCC case of *Louisa National Bank v. Kentucky National Bank*, 239 Ky. 302, 39 S.W.2d 497 (1931), and that no right passes through a maker's forged instrument to a payee. KRS 355.3–104(1)(a) provides that any writing, to be a negotiable instrument within the Article, must "be signed by the maker or drawer." It is without controversy that the checks drawn on Hardin–Mapes were not signed by the company officer (the principal owner) and that the signatures were forged.

KRS 355.3–401(1) provides that no person is liable on any instrument unless his signature appears thereon. Contractual liability on an instrument is to be distinguished from warranty liability. Leibson and Nowka, *Uniform Commercial Code of Kentucky*, § 3.3, at p. 306.

■ Under these pleadings the allocation of loss is simply between the maker (whose signature had been forged) and the payee.

The forgery of the maker's signature on each check is wholly inoperative as the signature of the maker. The counter-claim of Hardin–Mapes alleged forgery of the checks and FLB's answer alleged the maker's negligence. Oral argument disclosed that the coal company and the bank had not engaged in any prior business relations and were unknown to each other.

■ The determination that FLB was a holder in due course was error inasmuch as FLB, at the most, extended the forger only partial provisional credit upon the antecedent debt. The security instrument retained by FLB was not released and remained intact. Value, if any, was provisional. Determinatively, a special situation exists where a payee is a bank that accepts a check from one that is not the maker and that person requests that the bank credit his (the forger's) personal account with the proceeds. The bank is to be held to a higher standard than an individual in a private transaction and notice is deemed to have been given by the terms of the instrument itself. Under these circumstances, the bank is required to hold the proceeds of the instrument subject to the order of the maker and not the presenter (the forger) and the bank generally cannot be a holder in due course as against the maker if it has permitted the presenter to otherwise use the proceeds of the check without taking precautions to determine the authority of the presenter. *Douglass v. Wones*, 120 Ill.App.3d 36, 76 Ill.Dec. 114, 458 N.E.2d 514 (1983). FLB was a holder, not a holder in due course, of the instruments and took the checks subject to all claims against them. *Harned v. Dawson*, Ky., 505 S.W.2d 174 (1974), cited by appellant, is clearly distinguished.

FLB raises an equity rule that as between two innocent parties the one that made the loss possible is the one that should suffer. Neither this argument nor one of Hardin–Mape's negligence was raised on the appeal to the Court of Appeals. However, FLB was in a position to avoid the loss by demanding verification of the maker's signature and it took no precaution to determine the authority of the

presenter to use the proceeds of the checks. *First National Bank of Louisville v. Progressive Cas. Ins. Co.*, Ky., 517 S.W.2d 226, 229 (1974).

 Under the provisions of the Uniform Commercial Code, i.e., KRS 355.1–103, principles of law and equity, including the law merchant and other equitable remedies not displaced, shall supplement the provisions of the Code. Herein, the forged checks drawn on Hardin–Mapes pass no interest to FLB. *Louisa National Bank v. Kentucky National Bank, supra.* FLB should, in equity, account for money that belongs to Hardin–Mapes. *Peoples National Bank v. Guier*, 284 Ky. 702, 145 S.W.2d 1042 (1940).

The decision of the Court of Appeals is affirmed.

All concur.